UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMON JACKSON,

    Plaintiff,

v.                                                    Case No. 2:10-cv-253
                                                    HON. ROBERT HOLMES BELL

JEFF WOODS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ramon Jackson, an inmate currently confined at the Central Michigan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Jeff Woods, Kathy Olson, Jeff Harwood and Robert Norton. Plaintiff claims that he was wrongfully placed in general population after he was stabbed in the neck by an unknown assailant. Plaintiff sought injunctive relief. Plaintiff was transferred to a new prison and defendants have moved to dismiss this action as moot. Plaintiff filed a motion for leave to amend his complaint to add two new defendants and a claim for monetary damages. Plaintiff has also filed a motion to supplement his complaint.

On August 19, 2010, plaintiff was transferred to Kinross Correctional Facility (KCF). Plaintiff alleges that he was informed by corrections staff on August 20, 2010, that they received an anonymous kite that a hit was out on plaintiff. On August 21, 2010, plaintiff was allegedly slashed with a knife on his neck. Plaintiff was taken to segregation for his safety. Plaintiff was interviewed by the Security Classification Committee on August 21, 2010, and on September 9, 2010. When

plaintiff was unable to provide details of the assault, it was determined that plaintiff could return to the general population. Plaintiff was not harmed while in general population. Plaintiff filed a grievance and requested a transfer to a different facility. Plaintiff was transferred on April 28, 2011 to the Central Michigan Correctional Facility.

Prior to his transfer, plaintiff filed a complaint alleging that his Eighth Amendment rights were violated by defendants because they disregarded a substantial risk of serious harm to plaintiff. Plaintiff sought a transfer to another facility. In his original complaint plaintiff did not ask for monetary damages. Plaintiff has filed a motion for leave to amend his complaint asking for monetary damages and asserting claims against two new defendants. Plaintiff concedes that the transfer to a different prison was what he was initially requesting, but asserts that he now wants money damages because he has now exhausted that claim through the prison grievance system. Defendants move for summary judgment asserting that plaintiff's original complaint is moot due to plaintiff's transfer to a different prison.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In plaintiff's amended complaint, plaintiff states that when he was informed that there was a threat on his life he asked for protection, but was denied protective custody status.  Plaintiff was stabbed in the neck the next day.  Plaintiff has asserted a violation of his Eighth Amendment rights and requests monetary damages.

Defendants have filed a motion only on plaintiff's request for injunctive relief to be transferred to a new prison.  Plaintiff has now been transferred to a different prison, so his request for injunctive relief is now moot.  Therefore he is no longer under the control or custody of the defendants.  In unreported opinions, the Sixth Circuit has repeatedly held that transfer to another prison facility moots prisoner injunctive and declaratory claims.  *See for example*, *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991).  These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule.  Underlying the rule is the

premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the opinion of the undersigned, plaintiff's claims for injunctive relief for a transfer from KCF to a different prison are now moot since he has been transferred to a different facility. However, plaintiff should be allowed to proceed on his amended complaint which asserts an Eighth Amendment claim for failure to protect and monetary damages.

In summary, in the opinion of the undersigned, it is recommended that defendants' motion for summary judgment to dismiss plaintiff's claims for equitable relief (Docket #34) be granted. It is further recommended that plaintiff's motions to amend his complaint (Docket #11 and #28) be granted. Plaintiff's Eighth Amendment claim for monetary damages remains in this case. Finally, it is recommended that plaintiff's motions (Docket ## 5, 6, 9, 10, 19 and 27) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:  July 14, 2011