UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMON JACKSON,

        Plaintiff,

v.                                              Case No. 2:10-cv-253
                                                 HON. ROBERT HOLMES BELL

JEFF WOODS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ramon Montez Jackson, an inmate currently confined at the Central Michigan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections. Specifically, Defendants include Jeff Woods, Kathy Olson, Robert Norton, Sergeant Cryderman and Sergeant Peltier.

Plaintiff's complaint alleges that he was wrongfully placed in general population after he was stabbed in the neck by an unknown assailant and that he was denied protection prior to the stabbing. Plaintiff first sought injunctive relief. After Plaintiff was transferred to a new prison, Defendants moved to dismiss the action as moot, and the dismissal was granted. (Docket #41, 44.) Plaintiff was granted leave to amend his complaint to add two new defendants, Sergeant Cryderman and Sergeant Peltier, and a claim for monetary damages, alleging that they denied him protection prior to being attacked. Plaintiff also filed a supplement to the amended complaint.

On August 19, 2010, Plaintiff was transferred to Kinross Correctional Facility (KCF). Plaintiff states that he was informed on August 20, 2010, that an anonymous kite was received which indicated that a hit had been placed on Plaintiff. Defendant Peltier asserts in his affidavit that he

alone received the kite. (Docket #58, Exhibit A.) Defendant Peltier conducted an interview with Plaintiff. Defendant Cryderman was in the same office at the time. Defendants recall that Plaintiff refused protection. (Docket #58, Exhibit A.) Plaintiff claims that he was never offered protection. Defendant Peltier states that because Plaintiff did not offer any specific verifiable information showing a real risk to his safety at KCF and because he did not want protection, Plaintiff was allowed to return to general population. (Docket #40 at ¶ 5.)

On August 21, 2010, Plaintiff was allegedly slashed with a knife on his neck by an unknown assailant. The Court notes that the wound was in actuality one (1) millimeter wide, one (1) millimeter deep, and four (4) centimeters long, as described in the nurse's report. (Docket #45, Exhibit B.) The wound was described in previous briefs, including Defendants' Motions for Summary Judgment (Dockets #47, #57), as being 10 cm wide, which is incorrect per the nurse's report, reading 0.10 cm or 1 mm. The decimal point perhaps lost in the photocopy reveals a scratch that is significantly smaller than previously noted.

Plaintiff was taken to segregation for his safety. Plaintiff was interviewed by the Security Classification Committee on August 21, 2010, and on September 9, 2010. When Plaintiff was unable to provide details of the assault, it was determined that Plaintiff could return to the general population. Plaintiff was not harmed while in general population. Plaintiff filed a grievance and requested a transfer to a different facility.

Plaintiff was transferred on April 28, 2011, to the Central Michigan Correctional Facility (STF). Prior to his transfer, Plaintiff filed a complaint alleging that his Eighth Amendment rights were violated by Defendants because they disregarded a substantial risk of serious harm to Plaintiff. Plaintiff sought a transfer to another facility. In his original complaint Plaintiff did not ask

for monetary damages. Plaintiff filed a motion for leave to amend his complaint asking for monetary damages and asserting claims against two new defendants. On August 29, 2011 Defendants' Motion for Summary Judgment to dismiss Plaintiff's claims for equitable relief was granted on the grounds that they were moot following Plaintiff's transfer to another facility (docket #44) and Plaintiff was allowed to amend his complaint.  Plaintiff's Eighth Amendment claim for monetary damages remains.

Plaintiff claims that Defendants' actions violated his rights under the Eighth Amendment to the United States Constitution.  Plaintiff is suing Defendants in their individual capacities. Plaintiff is asking for compensatory damages of $100,000 jointly against defendants Woods, Olson, Norton, Cryderman and Peltier, and punitive damages of $20,000 against each defendant. (Docket #45).

Presently before the Court are Defendants' Motions for Summary Judgment, pursuant to Fed. R. Civ. P. 56.  Plaintiff has filed responses and the matter is ready for decision.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct

evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants Norton, Olson and Woods contend that they were not personally involved withy Plaintiff prior to the alleged attack on August 21, 2010.  Defendants Norton, Olson and Woods only involvement with Plaintiff involved transferring Plaintiff back to general population after Plaintiff was physically assaulted.  No harm occurred after Plaintiff was transferred back to general population.  Defendants argue that Plaintiff has failed to prove a physical injury sufficient to support a claim under § 1983, as Plaintiff was not injured after his placement in general population at KCF on September 9, 2010, and remained uninjured until his transfer to STF on April 28, 2011.  The Prisoner Litigation Reform Act of 1995 (PLRA), which was designed to reduce litigation (42 U.S.C. § 1997e), states that "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C. § 1997 e (e).  Furthermore, in *Tribe v. Snipes*, the court concluded that the prisoner's fear that he would be attacked by other prisoners was not "physical injury" sufficient to support a claim for monetary damages under §1983, even though prison officials

were on notice that inmates at the facility where the inmate was housed had previously attacked him. *Tribe v. Snipes*, 19 F App'x 325, 2001 WL 1141317 (6th Cir. Michigan September 17, 2001). (Docket #39). Plaintiff was not injured following his identification of a potential conflict between himself and another inmate on August 23, 2010. Pursuant to *Tribe*, there cannot be liability for a mere fear of attack.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Defendants Olson and Norton conducted two separate interviews with Plaintiff in an attempt to determine who perpetrated the alleged assault. (Docket #47.) Under the *Farmer* standard, these interviews, particularly when considering that Plaintiff did not offer any specific verifiable information, would constitute reasonable measures. Deliberate indifference cannot be shown because the element of risk was never proved in the first place. Furthermore Plaintiff actually wanted to be returned to the general population, as stated in his grievance. (Docket #47, Exhibit C.)

Defendant Woods was Warden at KCF from January 1, 2008, until July 1, 2011. He was responsible for ensuring that the staff followed applicable policy and procedures established by

the MDOC. One of his duties was to respond to inmates' Step II appeals. Defendant Woods believes it is unlikely that he spoke with Plaintiff during his appeals. (Docket #47, Appendix O.) Defendant Woods also did not have contact with Plaintiff prior to the alleged attack on August 21, 2010. Defendant Woods cannot be held liable under § 1983 for the actions of Defendants Norton, Olson, Peltier or Cryderman.  Liability under § 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or

predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Woods was personally involved in the activity which forms the basis of his claim. Defendant Woods' only role in this action involves the denial of administrative grievances or the failure to act. Woods cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Woods are properly dismissed for lack of personal involvement.

Defendants Robert Norton, Resident Unit Manager at KCF, and Kathy Olson, Assistant Deputy Warden at KCF, were members of the Security Classification Committee (SCC). The purpose of the SCC is to ensure proper placement of inmates within the institution. Defendants Norton and Olson interviewed Plaintiff on August 24, 2010, and September 10, 2010. Defendants Norton and Olson indicate that there is no basis in fact to believe that Plaintiff's safety was threatened since his allegations were unsubstantiated and the alleged assault on August 21, 2010,

was unwitnessed. (Docket #47, Appendix O, N.) They did not have contact with the Plaintiff prior to the alleged August 21, 2010 assault. Furthermore, their role of denial of administrative grievances is not subject to liability under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Norton and Olson are properly dismissed for lack of personal involvement.

Defendants Peltier and Cryderman argue that they were not served with a summons and copy of the requested Amended Complaint (#11) filed December 8, 2010, within 120 days, as is required under Fed. R. Civ. P. 4(m), and therefore should be dismissed from Plaintiff's action. However, waiver of service was returned on January 1, 2012, and since there is an electronic docketing system, they had access to the Amended Complaint. Consequently, their latest motion for summary judgment must be addressed as to their liability under §1983.

A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984). Plaintiff has failed to show that defendant Cryderman was personally involved in the allegations. Defendant Cryderman was not present when Defendant Peltier received the anonymous kite. (Docket #58, Exhibit A, Exhibit B.) Furthermore defendant Cryderman did not participate in Defendant Peltier's interview with Plaintiff; Cryderman was merely in that room at the time. *Id.* Liability under §1983 must be based on active unconstitutional behavior and not "the mere failure to act." *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of*

*Tenn.,* 159 F.3d 199 (6th Cir. 1998)); *Ghandi*, 747 F.2d at 351. Since there was no active behavior, the claim against defendant Cryderman is properly dismissed.

Defendant Peltier interviewed the Plaintiff after receiving the anonymous kite. Plaintiff was unable to provide any credible information as to who the persons might be who wanted to attack him. (Docket #58, Exhibit A.) Defendant Peltier alleges that Plaintiff did not want protection or to "lock up" for protection. Additionally, Plaintiff said he had not been threatened. Defendant Cryderman was able to corroborate these facts since she was in the room at the time. (Docket #58, Exhibits A and B.) Additionally there is e-mail evidence that this occurred; specifically, defendant Peltier sent an e-mail to Jerry Harwood at 8:46 PM on August 20, 2010 which stated "he [Jackson] did not want to lock up." (Docket #58, Exhibit D.) In order to meet the *Farmer* standard, Plaintiff must show a deliberate indifference to the serious risks to Plaintiff's safety. Because the kite was uncorroborated, there was an insufficiently serious risk to meet the *Farmer* standard of deliberate indifference.

In Plaintiff's supplemental complaint (Docket #46) Plaintiff mentions new Defendants Charles Cook, Marquita Mallett and Kimberly Mosca, and a new retaliation claim. However, Plaintiff did not file a motion to add these Defendants and they are not parties in this case. The Court should not address Plaintiff's claims against these individuals.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motions for Summary Judgment. Accordingly, it is recommended that all Defendants' Motions for Summary Judgment (Docket #47 and #57) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 14, 2012